UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Luis JACOBO, | Case No: 3:21-cv-01113-JLS-AGS |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING JOINT MOTION AND PROTECTIVE ORDER** |
| Rogelio HERNANDEZ, et al., | |
| Defendants. | |

    The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for public safety and privacy reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

    In addition, discovery in this case involves subpoenas for the production of documents by third parties. The materials to be produced throughout the course of the litigation by the parties and third-party subpoena recipients ("Producing Parties") may contain sensitive information from prison records that affect safety and privacy interests, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(D). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, responses to subpoenas, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any Producing Party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; minutes; telegrams; letters;; contracts; drafts;; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; video material; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

JONATHAN PAUL

DALBIR CHOPRA

Rivera Hewitt Paul LLP

11341 Gold Express Drive Suite 160

Gold River, CA 95670

Telephone: 916-922-1200

E-mail: Jpaul@rhplawyers.com

E-mail: dchopra@rhplawyers.com

THOMAS ROBERTSON

501 West Broadway Suite 1510

San Diego, CA 92101

Telephone: 619-544-9911

E-mail: thomas@robertsonSDlaw.com

SUSAN COLEMAN

Burke, Williams & Sorensen LLP

444 South Flower Street Suite 2400

Los Angeles, CA 90071-2953

Telephone: (213)236-0600

E-mail: scoleman@bwslaw.com

THOMAS CREGGER

Cregger Law LLP

5960 South Land Park Drive Suite 640

Sacramento, CA 95822

Telephone:916-761-8293

E-mail:Tac@creggerlaw.com

## GENERAL RULES

4. Each Producing Party that produces or discloses any materials, documents, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

a. Designation as "CONFIDENTIAL": Any Producing Party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such Producing Party

3

21-cv-1113-JLS-AGS

and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the safety or privacy interests of such party, its employees, or third-party individuals.

      b.      Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any Producing Party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to information that would otherwise present a substantial safety risk or substantial intrusion into an individual's right to privacy.

      5.      In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

      6.      Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any Producing Party:

      a.      the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or Producing Parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

   b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

   c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

  7. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.  If such designation is to be removed for any reason, reasonable advance notice must be given to the Producing Party, along with an opportunity to object.

  8. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by retained expert witnesses, provided they sign this agreement (Exhibit A) and consent to be bound by it, in advance of being provided any confidential information.

  9. Information designated "confidential" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by expert witnesses (pursuant to the terms of paragraph 8), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed

in writing to be bound by its terms:

    a)    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

    b)    Stenographic and clerical employees associated with the individuals identified above.

10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any materials produced in discovery (including those produced in response to subpoena), answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

13. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the Producing Party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as confidential information, as designated by the Producing Party, until the Court has ruled

on the objection or the matter has been otherwise resolved.

14. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a Producing Party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the Producing Party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the Producing Party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the Producing Party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17. Nothing within this order will prejudice the right of any party or Producing Party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information and the underlying documents must not be disclosed.

19. This Order will be without prejudice to the right of any party or Producing Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court. If a party is called upon to disclose confidential information in this manner, the disclosing party shall provide reasonable advance notice to the Producing Party.

21. Upon final termination of this action, including any and all appeals, counsel for each party must destroy all confidential information produced under this Protective Order, including any copies, excerpts, and summaries of that information, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties (and relevant Producing Party, if applicable) agree should not be designated confidential information; (b) the parties (and relevant Producing Party, if applicable) agree, or the Court rules, is already public knowledge; (c) the parties

(and relevant Producing Party, if applicable) agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

23. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

24. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

27. A copy of this Protective Order shall be served on any recipient of a third-party subpoena.

28. No document may be filed under seal, except pursuant to a court order that authorizes the sealing of the particular document, or portion of the document. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material.

29. To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. In addition, a party must file a redacted version of any document that it seeks to file under seal. The document must be titled to show that it

corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request.

30. Without a separate court order, the Protective Order and the parties' stipulation does not change, amend, or circumvent any court rule or local rule.

Dated: December 21, 2021

_____
Hon. Andrew G. Schopler
United States Magistrate Judge

# Exhibit A

## Non-Disclosure Agreement

*Jacobo v. Hernandez, et. al.*, 21cv1113-JLS-AGS (S.D. Cal.)

I, the undersigned, hereby declare that I have read the attached Stipulated Protective Order ("Order") entered in the above-captioned case. I understand the terms of the Order. I also understand that my execution of this Non-Disclosure Agreement, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" pursuant to the Order.

I will comply with, and agree to be bound by, all of the provisions of the Order. I agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court, Southern District of California, for the purposes of any proceedings relating to the enforcement of the Order and this Non-Disclosure Agreement.

DATED: _____        _____

                                                                 Signature

                                            _____

                                                                 Print Name